# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DON R. ICKES, | ) |
| Plaintiff, | ) CIVIL ACTION NO. 3:2007-143 |
| v. | ) JUDGE GIBSON |
| TIM FLANAGAN, ROLAND TROMBETTO, COMMONWEALTH OF PENNSYLVANIA, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.,**

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's complaint for failure to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 4) together with the briefs submitted by the parties in abetment and in opposition, respectively.

Plaintiff's complaint, commenced in state court and removed to federal jurisdiction by Defendants on June 14, 2007, asserts six counts for relief predicated upon the actions of two state game officials in the spring of 1999. After removing the action, Defendants filed the instant motion and brief on July 19, 2007. On August 16, 2007, Plaintiff filed a response and brief (styled a memorandum of law). Scheduling and discovery conferences have been held and, the grant of Plaintiff's motion to amend notwithstanding, Defendants' Rule 12(b)(6) motion is now poised for disposition.

From what the Court can decrypt from Plaintiff's complaint, it seems that Plaintiff was the target of a protean conspiracy perpetrated by, among others, the FAA, the Pennsylvania Game Commission, various Bedford County deer hunters and Plaintiff's officious neighbor, aimed at depriving Plaintiff of

his Constitutionally protected civil rights.[1] To briefly summarize the facts giving rise to Plaintiff's complaint as well as the Court is able, on April 2, 1999, Plaintiff was approached by Defendants Timothy Flanagan ("Flanagan") and Roland Trombetto ("Trombetto") and asked to identify himself. Plaintiff refused to do so and directed the officers to convey all questions to his attorney. The officers again requested that Plaintiff identify himself, and Plaintiff again refused.

On May 14, 1999, two citations were issued charging Plaintiff with violation of 34 Pa.C.S. § 904, "Resisting or interfering with an officer."[2] On August 5, 1999, a district justice convicted Plaintiff on the first citation, fining him $800 plus costs, but dismissed the second citation as a continuation of the same offense. Plaintiff appealed the decision to the Pennsylvania Court of Common Pleas, where a judge upheld the conviction and sentence. On May 24, 2002, Plaintiff's conviction was reversed by the Commonwealth Court, holding the statute on which Plaintiff was convicted to be unconstitutional. The decision of the Commonwealth Court was unanimously affirmed by the Pennsylvania Supreme Court on May 4, 2005.

The Supreme Court recently announced a new standard when ruling on a Rule 12(b)(6) motion in *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955 (2007). On February 5, 2008, the Third Circuit issued an opinion that contains an extended analysis of the standard promulgated in *Twombly*. *See Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008). Accordingly, a discussion of the applicable standard when deciding a Rule 12(b)(6) motion as stated in those two cases is appropriate here.

Certain aspects of the analysis remain intact. The court still must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light

---

[1] Plaintiff also seems to suggest that the Pennsylvania Attorney General's Office may be in on it, too. The Court notes, however, that only two Game Officers and the Commonwealth are named as defendants, with leave to amend granted to add Plaintiff's neighbor, Marcia Claar, as a defendant.

[2] At the time the citations were issued, the text of 34 Pa.C.S. § 904 read:
When an officer is in the performance of any duty required by this title, it is unlawful for any person to resist or interfere in any manner or to any degree or to refuse to produce identification upon request of the officer. A violation of this section is a summary offense of the first degree.

2

most favorable to the non-moving party." *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989); *D.P. Enters., Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943 (3d Cir. 1984). The Court need not credit bald assertions or legal conclusions. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)(citation omitted). In addition to the allegations contained in the pleadings, the Court may also review "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n. 2 (3d Cir. 1994) (citation omitted). Furthermore, in deciding a rule 12(b)(6) motion, the Court may review "undisputably authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Steinhardt Group v. Citicorp*, 126 F.3d 144, 145 (3d Cir. 1997).

In *Twombly, supra,* 1968-69, the distinction came when the Supreme Court criticized the oft-quoted "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that had served as the standard for dismissing a claim under Rule 12(b)(6) for fifty years. The crux of the censure of the *Conley* standard is that it is overly inclusive and unworkable. As the Third Circuit observed in *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008), "The *Conley* language was problematic because, for example, it could be viewed as requiring judges to speculate about undisclosed facts." *Id.* at 232. The Supreme Court further stated, "On such a focused and literal reading of Conley's 'no set of facts,' a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Twombly, supra*, at 1968 (alteration in original). The Third Circuit also noted, parenthetically, that "literal compliance" with *Conley* "could consist simply of giving the names of the plaintiff and the defendant, and asking for judgment." *Phillips, supra*, at 233, (citing *Geoffrey C. Hazard, From Whom No Secrets Are Hid,* 76 Tex. L. Rev. 1665, 1685 (1998) (cited for related proposition in *Twombly,* 127 S.Ct. at 1969)).

This is not to say, as the Supreme Court was careful to point out, that there is now a heightened pleading standard or a probability requirement. *Id.*, citing *Twombly*, 127 S.Ct. at 1964, 1965, 1973 n. 14, 1974. It remains an acceptable statement of the standard, for example, that courts 'accept all factual

allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips, supra*, at 233 (citations omitted).

There is, however, another hurdle erected by *Twombly* that a party aspiring to defeat a Rule 12(b)(6) dismissal must overcome. Although the Court stresses that it is not adopting a heightened pleading standard, the Court does seem to introduce "plausibility" as an element to the standard for notice pleading. *Twombly*, 127 S.Ct. at 1974. "The Court explained that a plaintiff must 'nudge [his or her] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Phillips, supra*, at 234, quoting *Twombly*, 127 S.Ct. at 1974. Furthermore, the Third Circuit has held that *Twombly* is not to be read so narrowly as to limit its holding on plausibility to the antitrust context in which it arose. *Phillips, supra*. The "plausibility" requirement relates to the "showing" requirement of Rule 8, which requires notice of a claim and its grounds, as distinguished from "a pleader's 'bare averment that he wants relief and is entitled to it.'" *Id.*, (quoting *Twombly*, 127 S.Ct. at 1965 n. 3.) Even a well-pleaded complaint alleging facts the proof of which seem improbable can survive a Rule 12(b)(6) attack if the "[f]actual allegations [are] enough to raise a right to relief above the speculative level." *Phillips, supra*, at 234 (quoting *Twombly*, 127 S.Ct. at 1965). The Supreme Court's *Twombly* formulation does not impose a probability requirement at the pleading stage, but it does insist that the pleader make some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation. *Phillips, supra*, at 234-35 (citing *Twombly,* 127 S.Ct. at 1965).

For purposes of clarity, the Court will group Plaintiff's claims into three groups and address them in the same sequence: 1) infliction of severe emotional distress, conspiracy and failure to train, supervise and discipline (Counts Four and Five, respectively), 2) Civil Rights violations (Count Three, alleging violations of the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments, and Count Six) and 3) malicious prosecution and abuse of process (Counts One and Two, respectively).

With respect to the first group, the Court finds that these claims are all time-barred by the applicable statutes of limitations. Each state law tort asserted by Plaintiff is subject to a two year statute of limitations. 42 Pa.C.S. § 5524. The instances giving rise to the claims happened in 1999, a full eight

4

years before the commencement of Plaintiff's civil action. Plaintiff's only argument that the statute should not operate to dismiss his claims as time-barred is that these claims were a continuing violation of rights that did not end until the final disposition of his case by the Pennsylvania Supreme Court in May 2005. That is simply an inaccurate statement. "The two-year period begins as soon as the injury is sustained." *Mest v. Cabot Corporation*, 449 F.3d 502, 510 (3d Cir. 2006) (citing *Bohus v. Beloff*, 950 F.2d 919, 924 (3d Cir. 1991)). "[L]ack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations." *Id.* (quoting *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983)). "For the statute of limitations to run, a plaintiff need not know the 'exact nature' of his injury, as long as it objectively appears that the plaintiff 'is reasonably charged with the knowledge that he has an injury caused by another.'" *Id.* at 510-511 (citing *Ackler v. Raymark Indus., Inc.*, 551 A.2d 291, 293 (Pa.Super. 1988)). For a claim to be actionable, a Plaintiff is required to exercise reasonable diligence in ascertaining the nature and cause of his injury. Reasonable diligence must be established by showing that Plaintiff "pursued the cause of his injury with those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others." *Cochran v. GAF Corp.*, 666 A.2d 245, 250 (Pa. 1995) (internal quotation marks and citations omitted). Plaintiff's reliance on the continuing violation doctrine is misplaced. "A continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Cowell v. Palmer Twp.*, 263 F.3d 286, 293 (3d Cir. 2001) (quoting *Ocean Acres Ltd. v. Dare County Bd. of Health*, 707 F.2d 103, 106 (4th Cir. 1983)). The injuries upon which Plaintiff's claims of infliction of severe emotional distress, conspiracy and failure to train, supervise and discipline are based all occurred in 1999. For this reason the Court finds that those claims are time-barred by the applicable statutes of limitations.

As to the Civil Rights Claims, claims brought pursuant to 42 U.S.C. § 1983 are subject to state statutes of limitations governing personal injury actions. See *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). As discussed above, the statute of limitations for personal injury actions in Pennsylvania is two years. 42 Pa.C.S. § 5524. All of Plaintiff's Civil Rights Claims are predicated on discrete acts, each of which

5

occurred in 1999. As such, the analysis advanced above is equally germane to Plaintiff's § 1983 claims. "The limitations period for purposes of § 1983 claims begins to run 'from the time when the plaintiff knows or has reason to know of the injury which is the basis of the § 1983 action.'" *Fullman v. Pennsylvania Department of Corrections*, 2008 WL 410116 at *1 (3d Cir. Feb. 15, 2008) (quoting *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991).

Dismissal of a complaint for failure to state a claim on statute of limitations grounds is proper if the untimeliness of the complaint makes it facially invalid. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1994). "As the Supreme Court has recognized, statutes of limitations are not 'simply technicalities,' but rather, 'fundamental to a well-ordered judicial system.'" *Lipschultz v. Logan Assistance Corporation*, 50 Fed.Appx. 528, 529 (3d Cir. 2002) (citing *Board of Regents v. Tomanio*, 446 U.S. 478, 487 (1980)). Here, Plaintiff's claims for infliction of severe emotional distress, conspiracy and failure to train, supervise and discipline as well as Plaintiff's Civil Rights Claims arose in 1999, but Plaintiff's civil action was not filed until 2007, well beyond the two-year statute of limitations applicable to those claims. For this reason, those claims must be dismissed as time-barred.

The third group of claims, malicious prosecution and abuse of process, must also be dismissed. As an initial matter, the Court must point out that a claim of malicious prosecution and a claim of abuse of process are not concomitantly cognizable for the same conduct; each being a distinct claim and the two being mutually exclusive. "A § 1983 claim for [] abuse of process lies where prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law." *Williams v. Fedor*, 69 F.Supp.2d 649, 673 (M.D.Pa. 1999), aff'd mem., 211 F.3d 1263 (3d Cir. 2000). "The gravamen of that tort is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends." *Heck v. Humphrey*, 512 U.S. 477, 486 n.5., 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). "If prosecution or process is initiated without probable cause and with a bad motive, malicious use of process lies. If prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law, [] abuse of process lies." *Jennings v. Shuman*, 567 F.2d 1213, 1217 (3d Cir. 1977). "'[T]here is no action for abuse of process when the process is used

for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant . . . .'" *Rosen v. Am. Bank of Rolla*, 627 A.2d 190, 192 (Pa. 1993)(quoting Restatement (Second) of Torts § 682 cmt. b (1977)).

Petitioner inexorably asserts that the prosecution against him was initiated without probable cause. Indeed, even in his claim for abuse of process, Plaintiff asserts, "The criminal process was thus *commenced* and continued for the perverse purpose of furthering the illicit agenda of meddlesome neighbors." Complaint, ¶31 (emphasis added). As stated above, to sustain a viable claim for abuse of process the prosecution must have been initiated legitimately. Plaintiff therefore nullifies his abuse of process claim in the very paragraphs meant to support it. Even if the Court were to ignore that inherent inconsistency, however, Plaintiff's abuse of process claim would still fail. Other than the bare assertion quoted above that the "perverse purpose" of the prosecution was for the benefit of Plaintiff's "meddlesome" neighbor, Plaintiff alleges no facts sufficient to justify allowing this claim to proceed to further stages of litigation. Moreover, it is the process that must be perverted to sustain the claim, not the purpose. *See Gen. Refactories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 304 (3d Cir. 2003); *Rosen*, 627 A.2d at 192. Furthermore, Plaintiff's allegation that the process was perverted for the benefit of his neighbor is insufficient to establish the claim for another reason. In order to establish a claim for abuse of process, a plaintiff must show evidence of an act or threat unauthorized by the process or aimed at an illegitimate objective. *See McGee v. Feege*, 535 A.2d 1020, 1023 (Pa. 1987). This Plaintiff has failed to do. Consequently, Plaintiff has failed to state a claim for abuse of process upon which relief can be granted, and that claim is therefore dismissed.[3]

To show malicious prosecution, Plaintiff must show that the prosecution was initiated without probable cause and with a bad motive. Plaintiff contends "[t]he case against me was commenced without the charging officer having probable cause to reasonably believe that a cognizable crime had

---

[3]The Court further notes that Plaintiff's abuse of process claim may also be time-barred by the statute of limitations, as it is not required to sustain a claim for abuse of process that the proceedings be terminated in Plaintiff's favor, therefore making the claim actionable in 1999. See *Rose v. Bartle*, 871 F.2d 331, 350-52 (3d Cir. 1989).

7

been committed by me on April 02, 1999." Complaint, ¶24.[4] Plaintiff, however, fails to offer any facts to support this allegation beyond his bare assertions, other than the reversal of his conviction on appeal, the holding of which was based on the constitutionality of the statute and not on the presence or absence of probable cause. Moreover, termination of the proceedings in Plaintiff's favor does not conclusively establish the absence of probable cause. See *Wainauskis v. Howard Johnson Co.*, 488 A.2d 1117, 1122 (Pa.Super. 1985). Probable cause existed at the time that Plaintiff's case was commenced, contrary to his argument, as the proceedings were premised on a Pennsylvania statute that was valid and enforceable as of the time the citations were issued and the process initiated. In exercising the duties attendant to their office, state actors can not reasonably be expected to predict changes in the law and conform their conduct accordingly. Plaintiff has likewise failed to make allegations sufficient to support a finding of malice or bad motive. *See Hugee v. Pa. R.R. Co.*, 101 A.2d 740, 742 (Pa. 1954). The Court therefore finds that Plaintiff's claim for malicious prosecution is untenable.

For all of the foregoing reasons, Defendant's motion is granted.

An appropriate Order follows.

---

[4]Plaintiff's complaint has two paragraphs numbered 24. The quoted passage is from the first paragraph 24.

AND NOW, this 31st day of March, 2008, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Defendants' Motion to Dismiss (Document No. 4) is GRANTED WITH PREJUDICE as to all counts.

IT IS FURTHER ORDERED THAT all current Defendants are dismissed as parties. **IT IS FURTHER ORDERED THAT** the Clerk of Court shall not close this case as the Plaintiff is still within his April 7, 2008 deadline for filing an amended Complaint to add another proposed defendant, Marcia Claar, only.

BY THE COURT:

*(signed)* Kim R. Gibson

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**