# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DON ICKES,)
)
    Plaintiff,)
) CIVIL ACTION NO. 3:2007-143
v.)
)
TIM FLANAGAN, ROLAND TROMBETTO, )
COMMONWEALTH OF PENNSYLVANIA, ) JUDGE GIBSON
MARCIA CLAAR, )
)
    Defendants.)

## MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

This matter comes before the Court on the Plaintiff's Motion for Reconsideration of the March 31, 2008 Order Dismissing the Commonwealth Defendants (Document No. 19). On March 31, 2008 this Court dismissed the Plaintiff's Complaint as to all federal and state claims and as to all of the Defendants then named, but permitted the Plaintiff to amend his complaint to add a proposed defendant, Marcia Claar. *See* Memorandum Opinion and Order of Court (Document No. 18). The Plaintiff's current motion only seeks reconsideration regarding the Court's order to the extent it dismissed the Plaintiff's malicious prosecution claim, not the other federal or state claims. However, the Plaintiff attempts to couch his malicious prosecution claim in terms of 42 U.S.C. § 1983 and not under Pennsylvania law by citing *Johnson v. Knorr*, 477 F.3d 75 (3d Cir. 2007). The Plaintiff's motion fails for three reasons.

First, the Court reiterates its conclusion from the March 31, 2008 Memorandum Opinion that a subsequent finding by the Pennsylvania Supreme Court that the former statute invoked by game

officers in their citations of the Plaintiff is unconstitutional under the federal Constitution cannot be a basis to conclude that a malicious prosecution occurred; law enforcement would be forced to personally judge the constitutionality of every statute they sought to enforce prior to enforcing it. This clearly is not the intent behind the Pennsylvania tort of malicious prosecution, otherwise our law enforcement would be crippled by the prospect of civil actions following the prosecution of every citation. The presence of probable cause must be judged by the circumstances at the time of the commencement of prosecution, not in post-prosecution judicial constitutional review. Malice cannot be inferred by the fact that a statute enforced was later found unconstitutional, otherwise the aforementioned constitutional review by law enforcement would prevent prosecution in untested statutes. Second, the Plaintiff alleged the state law tort of malicious prosecution. Even if the Court permitted reinstatement of this claim, the Court chooses not to exercise supplemental jurisdiction over one state law claim after dismissal of all federal claims.

Finally, to the extent that the Plaintiff claims this count in his original complaint was one of malicious prosecution under the Fourth Amendment advanced pursuant to 42 U.S.C. § 1983, the Plaintiff fails to cite to that statute and the applicable provision in the Constitution from which that Constitutional tort follows. Additionally, if he had plead the constitutional claim of malicious prosecution, this claims fails because the Plaintiff was only given a citation for a summary offense and forced to pay a fine. The constitutional tort of malicious prosecution requires seizure, *i.e.* an arrest. See *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007). The Plaintiff was never arrested, only fined. Thus, in the absence of an arrest, it remains clear that no set of facts can be plead by the Plaintiff that would set forth a claim of constitutional malicious prosecution. To the extent that the malicious

2

prosecution occurred in an alleged violation of the First Amendment, the Fourth Amendment or any amendment to or provision of the federal Constitution, the circumstances are clear that the statute that was the basis for the Plaintiff's summary conviction was found unconstitutional by the Pennsylvania Supreme Court *after* the Plaintiff was fined. Thus, the game officers' actions in enforcing the summary offense by issuing a citation in 1999, five years prior to the Supreme Court's ruling in *Hiibel v. Sixth Judicial District Court of Nevada, Humboldt County, et al.*, 542 U.S. 177 (2004)(finding that a *Terry* stop is basis for which police can require a detained individual to identify himself) and six years prior to the Pennsylvania Supreme Court's ruling in *Commonwealth v. Ickes*, 873 A.2d 698 (Pa. 2005)(invalidating former version of 34 Pa.C.S.A. § 904 for being overbroad under the Fourth Amendment) establish that they are entitled to qualified immunity[1] from suit under 42 U.S.C. § 1983 because the right to refuse to identify oneself outside of a *Terry* stop based upon reasonable suspicion was not a clearly established right in 1999. *Saucier v. Katz*, 533 U.S. 194, 200-202 (2001).[2]

However, the Court possesses supplemental jurisdiction over the malicious prosecution claim set forth against Marcia Claar because the Plaintiff's civil rights claims in Count II of the First Amended Complaint (Document No. 20) remain viable at this juncture. Discovery is necessary to develop these claims and the facts discovered may or may not reveal the continuing viability of both claims in this

---

[1]Qualified immunity can be raised by a district court sua sponte. *See Skevofilax v. Quigley*, 586 F.Supp. 532, 538 (D.N.J. 1984).

[2]On January 21, 2009, the Supreme Court of the United States held that "[b]ecause the two-step *Saucier* procedure is often, but not always, advantageous, [district and circuit judges] are in the best position to determine the order of decision-making that will best facilitate the fair and efficient disposition of each case." *Pearson v. Callahan*,___U.S.___, 2009 WL 128768,* 13 (Jan. 21, 2009). *Saucier* recognizes two inquiries that when answered affirmatively prevent the application of qualified immunity: did the constitutional right exist and was the right clearly established when the state actor allegedly violated said right. *Saucier, supra.*

3

Court. The last remaining Defendant, Marcia Claar, has filed both a Motion to Dismiss 1st Amended Complaint (Document No. 29) and an Answer (Document No. 31). The Motion to Dismiss is vague, unspecific and without substance as to the reasons why the First Amended Complaint failed to state a claim. The motion to dismiss will be denied. Therefore, the Plaintiff's "Motion to Strike the Claar Defense 'Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted'" (Document No. 30) is denied as moot.

The Plaintiff has filed a Motion to Strike Answer (Document No. 32) based upon responses within the Answer that the Plaintiff feels are incorrect and improper. The Court presumes that the Plaintiff is proceeding under Federal Rule of Civil Procedure 12(f) although no invocation of that rule appears in his motion. The manner of pleading by the Claar in her Answer is appropriate under Federal Rule of Civil Procedure 8 and any protestations of the Plaintiff as to the truth of the Answer's contents are matters appropriately addressed in discovery. Claar's pleading is sufficient; she has plead alternative statements of defenses claiming either that the Plaintiff's claims are conclusions of law or denied to the extent facts are alleged. These alternative statements are permitted by and recognized under Federal Rule of Civil Procedure 8(d)(2). General denials (like those presented by Claar) are also permitted. *See* Fed.R.Civ.P. 8(b)(3). The Court finds no bad faith, frivolity, maliciousness or vexatiousness in Claar's Answer. The Plaintiff's Motion to Strike Answer is therefore, denied.

AND NOW, this 27th day of February, 2009, in accordance with the foregoing Memorandum Opinion, **IT IS HEREBY ORDERED THAT**:

1) The Plaintiff's Motion for Reconsideration of the March 31, 2008 Order Dismissing the Commonwealth Defendants (Document No. 19) is **DENIED**;

2) The Defendant's Motion to Dismiss 1st Amended Complaint (Document No. 29) is **DENIED**;

3) The Plaintiff's Motion to Strike the Claar Defense "Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted" is **DENIED AS MOOT**; and

4) The Plaintiff's Motion to Strike Answer is **DENIED**.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT COURT**

5