## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DON ICKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 3:07-cv-143 |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| MARCIA CLAAR, PERRY CLAAR, and | ) | |
| WILLIAM CLAAR, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

### I.   SYNOPSIS

This matter comes before the Court on Defendants' Motion for Summary Judgment ("Motion" - Doc. No. 82) pursuant to Fed. R. Civ. P. 56(b). Plaintiff filed a Response to Defendants' Motion for Summary Judgment (Doc. No. 84). Defendants subsequently filed a Reply to Plaintiff's Response (Doc. No. 86). For reasons set forth herein, Defendants' Motion is **GRANTED IN PART** as to Plaintiff's claims under 42 U.S.C. § 1983. The Court further **DECLINES** jurisdiction over Plaintiff's remaining state law claims of malicious prosecution / abuse of process.

### II.   JURISDICTION AND VENUE

Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b).

### III.   PROCEDURAL AND FACTUAL BACKGROUND

This case originated as a state court proceeding against the Commonwealth of Pennsylvania and two of its Game Commission officers for claims pertaining to the alleged harassment and prosecution of Plaintiff. Although the circumstances surrounding this suit date

1

back many years, the dispute in question began when the Game Commission officers investigated numerous complaints by the instant Defendants to state officials regarding Plaintiff's ultralight airport in Bedford County, Pennsylvania. After a controversial encounter with Plaintiff, the officers issued two citations to him for resisting or interfering with an officer. After having the citations overturned in state court, Plaintiff filed this case against the original defendants, which was subsequently removed to this District. This Court dismissed Plaintiff's claims against the original defendants (Doc No. 18), but Plaintiff then filed an amended complaint naming his neighbor Marcia Claar as a defendant (Doc. No. 20), for claims arising from generally the same set of facts as the previously dismissed complaint. Plaintiff later filed another amended complaint ("Second Amended Complaint" - Doc. No. 46), which asserts claims against Marcia Claar, Perry Claar and William Claar for 1) malicious prosecution / abuse of process (stemming from their alleged role in persuading state authorities to conduct a campaign of harassment against Plaintiff), and 2) civil rights violations under 42 U.S.C. § 1983 (alleging that Defendants violated his constitutional rights and acted "under color of state law" in doing so). As to the abuse of process state law claim, Defendants contend that any interactions they had with state officials did not constitute unauthorized use of the legal process. Motion at 4. Regarding the § 1983 claims, Defendants maintain that they were not state actors and did not act under color of state law, and are therefore not subject to § 1983 liability. *Id.* at 5. Finally, Defendants argue that both of the aforementioned claims are barred by the doctrines of *res judicata* and collateral estoppel, as they were previously adjudicated in a prior state court action. *Id.* at 6.

## IV.   STANDARD OF REVIEW

"Summary judgment is appropriate only where, drawing all reasonable inferences in

favor of the nonmoving party, there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." *Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010) (quoting *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 380 n.6 (3d Cir. 2007)); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56 (a).[1] Issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); see also *McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). Material facts are those which will affect the outcome of the trial under governing law. *Anderson*, 477 U.S. at 248.

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets this burden, the party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleading," but "must set forth specific facts showing that there is a genuine issue for trial." *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (internal citations omitted); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); see also *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (noting that a party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue" (internal quotation marks omitted)).

V.     DISCUSSION/ARGUMENTS

A.     42 U.S.C. § 1983

The Court first addresses Plaintiff's 42 U.S.C. § 1983 claim.  To establish a *prima facie* case for liability under 42 U.S.C. § 1983, a plaintiff must establish that 1) defendants have

---

[1] Rule 56 was revised in 2010. The standard previously set forth in subsection (c) is now codified as subsection (a). The language of this subsection is unchanged, except for "one word—genuine 'issue' bec[ame] genuine 'dispute.'" Fed. R. Civ. P. 56 advisory committee's note, 2010 amend.

violated federal rights of the plaintiff, and 2) that they did so while acting under color of state law. *Groman v. Township of Manalapan,* 47 F.3d 628, 638 (3d Cir.1995)  A plaintiff bears the burden of proof on both issues. *West v. Atkins,* 487 U.S. 42, 48 (1988). If a plaintiff cannot prove the "color of state law" element, he cannot establish liability under § 1983. *Versarge v. Township of Clinton, N.J.,* 984 F.2d 1359, 1363 (3d Cir.1993). In the case *sub judice,* there is no dispute that Defendants are private citizens. What is at issue is whether their alleged actions can be construed as "under color of state law", and thus make them subject to liability under § 1983. As the Supreme Court has noted:

> ...to act "under color of" state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting... "under color of law" for purposes of § 1983 actions.

*Dennis v. Sparks*, 449 U.S. 24, 28 (1980).

Plaintiff's complaint proceeds on precisely this theory – to wit, that Defendant Marcia Claar purportedly engaged in a vast conspiracy with state officials whereby she "energetically commenced a protean campaign of harassment against [Plaintiff], enlisting a legion of state and federal government law enforcement agencies and bureaucracies... for the purpose of causing [Plaintiff] worry, expense, and distraction." Second Amended Complaint at ¶ 12. He further accuses Defendants of informing state authorities about Plaintiff's activities and hosting gatherings intended to incite sentiment against Plaintiff's ultralight airport, ultimately leading to his encounter with Pennsylvania Game Commission officers and Plaintiff's subsequent prosecution in state court. *Id.* at ¶ 13-25. These aggregated activities, Plaintiff argues, establish that Defendant Marcia Claar had a "quasi-official status" for purposes of § 1983 liability. *Id.* at ¶ 40. Plaintiff asserts violations of his First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights as a consequence of Defendant's actions. *Id.* at ¶ 42-8. Defendants respond

4

that they were private citizens, not state actors, and that their actions "did not magically transform them into state actors or create a basis by which they became subject to liability" under § 1983. Motion at 5.

In evaluating Plaintiff's § 1983 claims for purposes of Defendant's Motion for Summary Judgment, we must draw all reasonable inferences in favor of Plaintiff. Even after doing so, we cannot find that any reasonable jury could return a verdict in Plaintiff's favor. None of the actions allegedly taken by Defendants – e.g., complaining to government officials, conducting a petition campaign, and monitoring Plaintiff's use of his ultralight airport – constitute action "under color of state law" for § 1983 purposes. Nor has Plaintiff alleged any facts that would lead a reasonable jury to conclude that Defendants had any direct role in the state action taken against him by the Pennsylvania Game Commission officers.[2]   Instead, Plaintiff relies on suppositions and innuendo, designed to draw a shadowy link connecting the actions of disgruntled neighbors to state actors independently investigating reported violations. At no point does Plaintiff come close to demonstrating that the offense he was originally cited for – "resisting or interfering with an officer" under Pa.C.S. § 904 – or *any* of the events resulting from his encounter with the Game Commission officers – had anything to do with the actions of Defendants. Nor does he show that there was any "meeting of the minds" on the part of Defendants and state authorities to the effect of depriving Plaintiff of his constitutional rights. See Goodson v. Maggi, --- F.Supp.2d ----, 2011 WL 2533286, at *13 (W.D. Pa. June 23, 2011) (holding that "bald allegations of conspiracy" are insufficient to state a § 1983 claim; plaintiff failed to allege any facts suggesting a meeting of the minds between defendants and state

---

[2] In evaluating Plaintiff's claim, the Court also considered a variety of documents filed by Plaintiff, including 1) "Praecipe for Inclusion of Plaintiff's Requests for Admissions, with Proofs of Service, to be Deemed Admitted" (with accompanying exhibits) (Doc. No. 85); 2) "Concise Statement of Material Facts" (Doc. No. 87); and 3) "Plaintiff Prospective List of Witnesses" (Doc. No. 88).

officials).  Instead, we are left to rely on theories of a vast and nebulous conspiracy involving

Defendants, countless unnamed residents of Bedford County, and representatives from numerous

state agencies, including state police.  Such "vague allegations of conspiracy" are insufficient to

make a § 1983 claim plausible.  *Brookhart v. Rohr*, 385 Fed.Appx.67, 2010 WL 2600694, at *2

(3d Cir. June 30, 2010).    Accordingly, Defendants' Motion for Summary Judgment is

**GRANTED** as to Plaintiff's § 1983 claim.

### B.    State Law Claim – Malicious Prosecution / Abuse of Process

Plaintiff's remaining claim for malicious prosecution / abuse of process arises from

Pennsylvania state law.   Given that Defendants' Motion for Summary Judgment as to Plaintiff's

federal claim has been granted, the Court hereby **DECLINES** to exercise supplemental

jurisdiction over Plaintiff's pendent state law claim and **DISMISSES** the claim without

prejudice.  28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental

jurisdiction over a claim under subsection (a) if... the district court has dismissed all claims over

which it has original jurisdiction.");  *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966)

(holding that when federal causes of action are dismissed, federal courts should not separately

entertain pendent state claims).[3]

### C.    Defendants' *Res Judicata* and Collateral Estoppel Arguments

---

[3] In Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. No. 84), he asserts that "the malicious prosecution claim is based upon the Fourth Amendment rather than merely upon common law tort principles."  Response at ¶ 2.  However, this is not how this claim was originally pled in Plaintiff's complaint, which first asserts federal jurisdiction for claims under 42 U.S.C. § 1983 and then clearly states that "the court maintains pendent and supplemental jurisdiction over any and all state court claims sounding in malicious prosecution, invasion of privacy, abuse of process, intentional infliction of emotional distress and conspiracy."  Second Amended Complaint at ¶ 4.  The Court notes that the Plaintiff was given two opportunities to amend his Complaint after the original defendants were dismissed as parties.  See March 31, 2008 Memorandum Opinion and Order of Court (Doc. No. 18); June 1, 2009 Order (Doc. No. 38).  Further, Plaintiff has in the past attempted to file amended pleadings without leave of Court.  See July 2, 2009 Order (Doc. No. 43).  The Court therefore declines Plaintiff's attempt to amend his complaint a third time by re-characterizing this state law claim as a federal cause of action.

Because we have granted summary judgment against Plaintiff with regard to his federal § 1983 claim and declined supplemental jurisdiction over Plaintiff's pendent state law claim, we decline to reach the merits of Defendants' *res judicata* and collateral estoppel arguments.

## VI.   CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment is **GRANTED IN PART**.  The Clerk of the Court is directed to enter **JUDGMENT** in favor of Defendants as to Plaintiff's § 1983 claim.   The Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's remaining state law malicious prosecution / abuse of process claim and hereby **DISMISSES** that claim without prejudice.  The Clerk of the Court is further directed to **CLOSE** this matter.  An Order follows this Memorandum.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DON ICKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 3:07-cv-143 |
| v. | ) JUDGE KIM R. GIBSON |
| | ) |
| MARCIA CLAAR, PERRY CLAAR, and | ) |
| WILLIAM CLAAR, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**AND NOW**, this 11th day of October 2011, upon consideration of Defendants' Motion for Summary Judgment and Brief in Support (Docs. No. 82-3), Plaintiff's Response (Doc. No. 84), and Defendants' Reply (Doc. No. 86), in accordance with the Memorandum **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment is **GRANTED IN PART**. The Clerk of the Court is directed to enter **JUDGMENT** in favor of Defendants as to Plaintiff's § 1983 claim.

2. The Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law malicious prosecution / abuse of process claim and hereby **DISMISSES** that claim without prejudice.

3. The Clerk of the Court is further directed to **CLOSE** this matter.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

8